**ON PETITION FOR REHEARING**

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                              No. 01-7937

JAIME RODRIGUEZ,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-92-36, CA-99-477-3-MU)

Submitted: June 7, 2002

Decided: June 25, 2002

Opinion on Rehearing Filed: November 18, 2002

Before WILLIAMS and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

**COUNSEL**

Jaime Rodriguez, Appellant Pro Se. Kenneth Davis Bell, OFFICE OF
THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

In July 1992, Jaime Rodriguez was indicted for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). Rodriguez pled not guilty and proceeded to trial. The jury found Rodriguez guilty of conspiracy to possess cocaine powder with the intent to distribute. The district court sentenced Rodriguez to 262 months imprisonment and five years supervised release.

Rodriguez appealed his conviction and sentence to this court. He contended that the district court erred when it admitted evidence of his prior bad acts and deprived him of his right to a speedy trial; in addition, Rodriguez claimed that the evidence was insufficient to support his conviction. In an unpublished opinion, we rejected all of Rodriguez's arguments and affirmed his conviction and sentence. *United States v. Rodriguez*, 1998 WL 390947, No. 95-5584 (4th Cir. June 29, 1998) (unpublished).

In November 1999, Rodriguez moved to vacate his sentence pursuant to 28 U.S.C. § 2255 (2000). He reiterated the issues raised in his direct appeal, adding ineffective assistance of counsel and perjury to his list of claims. The district court denied this motion without a hearing. In his application for a certificate of appealability, Rodriguez narrowed his claims to the following: (1) his conviction was based upon a defective indictment; (2) he received ineffective assistance of counsel; (3) the district court erred when it found that, even if defense counsel's performance fell below an objective standard of reasonableness, there was no prejudice; and (4) his conviction was based on perjured testimony, and the district court failed to address this claim.

In an opinion issued on June 25, 2002, we considered the merits of Rodriguez's claims. We determined that those claims did not merit

relief and accordingly denied a certificate of appealability and dismissed Rodriguez's appeal. Rodriguez petitioned for panel and en banc rehearing, asserting that we incorrectly analyzed the underlying merits of his claims rather than determining whether he was entitled to the requested certificate of appealability. Upon consideration of his petition, we grant panel rehearing. As no active member of the Court has voted to grant en banc rehearing, it is denied.

To be entitled to a certificate of appealability, Rodriguez must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon examination of Rodriguez's application, we conclude that Rodriguez has failed to demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*